UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 09-4476 DSF (FMOx) | Date | 7/30/09 |
|---|---|---|---|
| Title | David Elbaum, et al. v. American Capital, Ltd., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers): Order to Show Cause Re Remand to State Court

On June 22, 2009, this action was removed to this Court pursuant to 28 U.S.C. § 1441 and 15 U.S.C. §77p(c). For the following reasons, the Court orders Defendant to show cause in writing why this action should not be remanded for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiffs David Elbaum Custodian for Gregory T. Elbaum UCAUTMA until Age 25 ("Gregory"); David Elbaum Trustee of the Kevin B. Elbaum U/A Dated 11/22/2006 ("Kevin"); and David J. Elbaum Money Purchase Pension Trust ("David") (collectively, "Plaintiffs") filed this action in the Superior Court against Defendant American Capital, Ltd. doing business in California as American Capital Strategies, Ltd. ("Defendant") on May 22, 2009.[1] Plaintiffs claim that Defendant's investor relations personnel, in private telephone conversations with Plaintiffs, made misrepresentations and promises regarding the future growth and future dividend payout of Defendant's stock and that such misrepresentations induced Plaintiffs to buy Defendant's stock at an inflated price.

---

[1] Plaintiff Gregory and Plaintiff Kevin are both trusts governed by the Uniform Gifts to Minors Act. Each trust was created by David Elbaum and his wife for their sons Gregory T. Elbaum and Kevin B. Elbaum respectively.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Plaintiffs allege that soon thereafter, Defendant publicly announced that it was in "terrible financial shape" and suspended dividends for the foreseeable future. Plaintiffs seek damages for alleged (1) negligent misrepresentation, (2) intentional misrepresentation, (3) violation of Cal. Corp. Code § 25401, and (4) unfair business practices.

Defendant removed the case to this Court on June 22, 2009. Defendant asserts that this Court has both federal question and diversity jurisdiction and that removal is proper pursuant to both the general removal statute, 28 U.S.C. § 1441(a), and Securities Litigation Uniform Standards Act class action removal statute, 15 U.S.C. §77p(c).

On July 8, 2009, the Court issued an Order based on the stipulation of the parties (1) granting Defendant's Rule 12(b) motion to dismiss complaint with twenty days leave to amend and (2) continuing the hearing date for Defendant's Motion to Transfer Venue to the District of Maryland pursuant to 28 U.S.C. § 1404(a) to August 3, 2009. On July 23, 2009, Plaintiffs filed their First Amended Complaint alleging only state law causes of action.

## II. LEGAL STANDARDS

### A. Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331

Except as otherwise provided by Congress, any civil action brought in a state court of which the district courts have original jurisdiction may be removed by the defendant to the district court. 28 U.S.C. § 1441(a). District courts generally have original federal question jurisdiction over a plaintiff's cause of action when such cause of action "arises under" federal law. 28 U.S.C. § 1331. If the plaintiff alleges only state-law causes of action, such causes of action "arise under" federal law and are thus removable if a federal statute "wholly displaces the state-law cause[s] of action through complete pre-emption." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). A state-law cause of action is completely preempted by federal law when Congress has expressed a "desire to assert authority over an area to such degree that any claim in that area is deemed federal in character." Tingey v. Pixley-Richards West, Inc., 953 F.2d 1124, 1130 (9th Cir. 1992). Such action arises under federal law and "*must* be removed to federal courts." Id. (emphasis in original).

The Securities Litigation Uniform Standards Act, 15 U.S.C. §§ 77a, et seq. ("SLUSA") provides a federal cause of action against any person who, in the course of selling a security, uses any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact that has the tendency to mislead. 15 U.S.C. § 77l(a)(2). The buyer of such security may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, or may recover damages if he no longer owns the security. Id. Under 15 U.S.C. § 77p(b)-(c), any class action involving such untrue statements, omissions of material facts, manipulations, or deceptive practices involving the sale of such security is completely preempted by SLUSA and must be removed to the district court for the district in which the action is pending.

### B.     Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a)

Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions in which (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000. When removal is on the basis of diversity jurisdiction, defendant must allege the existence of diversity jurisdiction both at the time the action was commenced and at the time of removal. See Strotek Corp. v. Air Transport Ass'n. of Am., 300 F.3d 1129, 1131-32 (9th Cir. 2002).

Under 28 U.S.C. § 1332(c), a corporation is a "citizen" of both its state of incorporation and the state in which it maintains its principal place of business. The Ninth Circuit determines a corporation's principal place of business by examining the entity's total activities and taking into account all aspects of the corporation's business. Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990). Determining a corporation's principal place of business involves: (1) determining the location of the majority of the corporation's (a) employees, (b) tangible property, and (c) production activities, and (2) ascertaining where most of the corporation's (a) income is earned, (b) purchases are made, and (c) sales take place. Id. at 1094.

A trustee of a trust account that possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others is a real party to the controversy and for diversity purposes the citizenship of the trustee and not the trust's beneficiaries is relevant. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464-66 (1980). However, the legal representative or custodian of a minor or minor's trust account shall be deemed to be a citizen only of the same state as the minor. See 28 U.S.C. § 1332(c)(2).

## III.  DISCUSSION

### A.     Federal Question Jurisdiction

Plaintiffs have sued on behalf of themselves and not as representatives of a class of unnamed persons. The SLUSA class action removal statute 15 U.S.C. § 77p(f)(2)(A)(i)(II) defines a class action to include cases where plaintiffs "seek to recover damages on a representative basis on behalf of themselves and other unnamed parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

similarly situated." This definition does not appear to apply in this case because Plaintiffs do not seek to represent any unnamed parties. The Court doubts that "representative basis," as used in the statute, is meant to encompass the trustee/trust and custodian/minor relationships present here.

### B. Diversity Jurisdiction

Defendant's diversity jurisdiction allegations are defective for several reasons. First, Defendant failed to apply Industrial Tectonics to establish its principal place of business, and the parties dispute the location of Defendant's principal place of business – Plaintiffs claim it is in California and Defendant claims it is in Maryland. Second, Defendant failed to allege the citizenship of Gregory T. Elbaum. Defendant alleges that David Elbaum, custodian for the Plaintiff Gregory account, trustee for the Plaintiff Kevin account, and owner of the Plaintiff David account, is a citizen of California. However, for diversity purposes under 28 U.S.C. § 1332(c)(2) David Elbaum as custodian for the Plaintiff Gregory account is deemed to be a citizen only of the same state as his minor son, Gregory T. Elbaum. Third, Defendant failed to allege the existence of diversity jurisdiction both at the time the action was commenced and at the time of removal as required by Strotek Corp..

### IV. CONCLUSION

For the reasons set forth above, Defendant's jurisdictional allegations are defective. Accordingly, the Court orders Defendant to show cause in writing no later than August 17, 2009 why this action should not be remanded for the reasons noted above. Defendant must either demonstrate that this Court has federal question jurisdiction or establish diversity jurisdiction by (1) applying Industrial Tectonics to establish its principal place of business, (2) alleging the citizenship of Gregory T. Elbaum, and (3) alleging the existence of diversity jurisdiction both at the time the action was commenced and at the time of removal.

IT IS SO ORDERED.